UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:24-cr-103 |
| v. | : Judge Thomas M. Rose |
| DAVID A. SNELL, | : |
| Defendant. | : |

**ENTRY AND ORDER DENYING MOTION TO DISMISS OR FOR BILL OF PARTICULARS (DOC. NO. 29)**

This matter is now before the Court on the Motion to Dismiss or for Bill of Particulars (the "Motion") (Doc. No. 29), filed by Defendant David A. Snell ("Snell"). Snell argues that the First Superseding Indictment (the "Superseding Indictment") (Doc. No. 27) here is so inadequate as to warrant dismissal of all charges levied against him. (*See* Doc. No. 29 at PageID 109.) Alternatively, Snell would have the Court shore up any deficiencies in the Superseding Indictment by ordering the Government to file a bill of particulars. (*Id.* at PageID 111-12.) For the reasons set forth herein, the Court **DENIES** Snell's Motion in all respects.

Pursuant to the Superseding Indictment, Snell has been charged with six criminal counts related to the production, possession, and distribution of child pornography. (Doc. No. 27 at PageID 93-95.) Specifically, Snell currently faces: two counts for production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (*Id.* at PageID 93-94); two counts for coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (*Id.* at PageID 94-95); one count for the distribution of child pornography, in violation of 18 U.S.C. §

1

2252(a)(2), (b)(1) (*Id.* at PageID 95); and, one count for the possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (*Id.*).  As relevant for purposes of the instant Motion, the Superseding Indictment alleges the elements of these charges conjunctively, whereas the statutes in question state such elements disjunctively.[1]  This is to say that, for any given count, Snell is alleged to have committed one wrongful act AND another, as opposed to committing one wrongful act OR another as set out in the statutes.

The Superseding Indictment was filed on February 11, 2025, and, on February 21, 2025, Snell submitted his current Motion.  (Doc. Nos. 27, 29.)  The Government filed its response in opposition to the Motion on March 11, 2025 (Doc. No. 30), and Snell did not file a reply.  The Motion is now ripe for review and decision.  The Court considers Snell's arguments for dismissal of the Superseding Indictment or, alternatively, a bill of particulars in turn.

The Court would first summarily reject Snell's argument for dismissal of the charges against him.  Snell states that the Superseding Indictment fails to allege scienter for the charges at issue. (Doc. No. 29 at PageID 109.)  He also contends that the grand jury in this case lacked probable cause to issue the Superseding Indictment.  (*Id.* at PageID 111.)  Yet, Snell does not cite to a single source of law or evidence in support of either conclusion and the Court finds none.

More substantively, Snell argues that the Superseding Indictment is so duplicitous that the charging document must be dismissed.  (*See id.* at PageID 109.)  Specifically, Snell suggests that the charges he faces have been alleged using conjunctive phrasing rather than the disjunctive phrasing found in the relevant child exploitation statutes.  (*Id.* at PageID 110-11.)  In short, Snell theorizes that this divide between the Superseding Indictment and the charged statutes stands to confuse a jury and subject him to the risk of double jeopardy.  (*Id.* at PageID 110.)  However, "an

---

[1] For a verbatim recitation of the allegations in the Superseding Indictment, *see generally* Doc. No. 27.

2

indictment is not duplicitous because means of committing the offense which are stated in the disjunctive in the statute … are charged in the conjunctive in the indictment." *U.S. v. Dean*, 969 F.2d 187, 195 (6th Cir. 1992) (citing *Crain v. United States*, 162 U.S. 625, 632-36 (1896); *Turner v. United States*, 396 U.S. 398, 420 n. 42 (1970)). Indeed, the Sixth Circuit has "repeatedly affirmed '[t]he government's right to charge in the conjunctive and prove in the disjunctive.'" *United States v. Kettles*, 970 F.3d 637, 649 (6th Cir. 2020) (quoting *United States v. LaPointe*, 790 F.3d 434, 440 (6th Cir. 2012); *U.S. v. Budd*, 496 F.3d 517, 528-29 (6th Cir. 2007); *U.S. v. Hathaway*, 798 F.2d 902, 913 (6th Cir. 1986)). Stated concisely, the overwhelming weight of legal authority clearly forecloses Snell's request to dismiss the Superseding Indictment. Accordingly, the Motion is **DENIED** to the extent that Snell seeks dismissal of the Superseding Indictment.

The Court next denies Snell's motion for a bill of particulars. A criminal defendant may move for a bill of particulars "within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). A bill of particulars serves to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial," and to prevent the defendant from being subjected to double jeopardy concerns. *U.S. v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)). Generally, the filing of a bill of particulars will be appropriate "when the indictment itself is too vague, and indefinite for such purposes." *Birmley*, 529 F.2d at 108 (citing *Haskins*, 345 F.2d at 114). By contrast, "[a] bill of particulars is not available to obtain detailed disclosure of the government's evidence or theories prior to trial." *U.S. v. Jones*, 678 F. Supp. 1302, 1304 (S.D. Ohio 1988) (citing *U.S. v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)) (citation omitted).

Here, Snell's request for a bill of particulars fails for much the same reason as his motion to dismiss. Snell states that, because the charges in the Superseding Indictment are alleged conjunctively rather than disjunctively, the Government should be required to file a bill of particulars stating specific facts and choosing which disjunctive elements to prosecute the charges against Snell under. (Doc. No. 29 at PageID 112.) The Court rejects this notion because the Superseding Indictment very clearly provides Snell notice of the charges against him. Snell himself has said that "[t]he [Superseding] Indictment in this case adequately informs Mr. Snell of the statutory section for which he is indicted." (*Id.* at PageID 109.) As a result, Snell is essentially seeking to nail down which specific facts and theories the Government intends to pursue at trial. Such is simply not the purpose of a bill of particulars. Therefore, the Motion is **DENIED** insofar as Snell moves for a bill of particulars.

In total, based on the foregoing, Snell's Motion to Dismiss or for Bill of Particulars (Doc. No. 29) is hereby **DENIED** in all respects.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 1, 2025.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE